IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHLEEN FILIPOVITS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 05-1568 |
| | ) |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) |
| | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment (Docket Nos. 9 and 10). Both parties have filed Briefs in Support of their Motions. After analysis of the submissions of the parties, and based upon my opinions as set forth below, I am denying Plaintiff's Motion for Summary Judgment (Docket No. 9) and granting Defendant's Motion for Summary Judgment (Docket No. 10).

### I. BACKGROUND

Plaintiff has brought this action under 42 U.S.C. §405 and §1383 for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits (DIB) and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, respectively. 42 U.S.C.

§§401-433, 1381-1383.  In July of 2003, Plaintiff filed an application for DIB and SSI alleging that she has been unable to work since October 2, 2001, due primarily to depression and cataracts. (R. 76-78, 95). Administrative Law Judge James Bukes held a hearing on March 22, 2005, at which time Plaintiff, who was represented by counsel, testified and a vocational expert testified. (R. 31-56). On June 24, 2005, the ALJ issued a decision finding that Plaintiff was not disabled.  (R. 13-23).  After exhausting her administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 9 and 10).  Plaintiff raises two issues on appeal: 1) Whether the ALJ misstated the medical evidence and otherwise substituted his opinion for that of the physicians of record; and 2) Whether the ALJ failed to properly consider Plaintiff's allegations pursuant to SSR 96-7p.  (Docket No. 8, pp. 8-14).  The issues are now ripe for review.

## II. **LEGAL ANALYSIS**

### A. **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971).  Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).  A district court cannot conduct a *de novo*

2

review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this

burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

## B.  **Whether the ALJ misstates the medical evidence and otherwise substitutes  his own opinion for that of the physicians of record.**

Plaintiff's first main argument is that the ALJ misstated the medical evidence and otherwise substituted his own opinions for that of the physicians of record. (Docket No. 8, p. 8).  After a review of the record and for the reasons set forth below,  I disagree.

In essence, Plaintiff complains that the ALJ improperly disregarded some of the treating physicians' opinions.  (Docket No. 8, pp. 8-11).  "A cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel,* 225 F.3d 310, 317 (3d Cir.2000), *quoting, Plummer v. Apfel,* 186 F.3d 422, 429 (3d Cir. 1999). However, a treating physician's opinion receives controlling weight only if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence" in the record. 20 C.F.R. §404.1527(d)(2). In deciding the weight to be given to any medical opinion evidence, the ALJ must consider the examining relationship,

4

treating relationship, supportability, consistency, specialization and other factors that tend to support or contradict opinion evidence. 20 C.F.R. §404.1527. Thus, the ALJ can provide more or less weight to the diagnosis depending upon supporting explanations. *Plummer,* 186 F.3d at 429. Stated another way, a treating physician's opinion is not always entitled to controlling weight. Rather, the treating physician's opinion must be well supported by medical techniques and consistent with his treatment. *Fargnoli v. Massanari*, 247 F.3d 34, 43 (3d Cir. 2001).

Here, Plaintiff complains that the ALJ improperly rejected the conclusion in an employability assessment form authored by Dr. Pratt on May 8, 2003, that Plaintiff was temporarily disabled. I disagree. The ALJ rejected the statements of Dr. Pratt of May 8, 2003 for two reasons: 1) that they were internally inconsistent; and 2) that there is no medical evidence to support his conclusory statements. (R. 16). An ALJ may properly discount a report/opinion if it is internally inconsistent. *See,* 20 C.F.R. § 416.927(d)(2). A review of the form indicates that it is internally inconsistent. Dr. Pratt checked the box indicating that the Plaintiff was temporarily disabled for less than 12 months, but indicated that the temporary disability began on 10/6//99 and was expected to last until 8/31/03, a time period well exceeding 12 months. (R. 130). Furthermore, Dr. Pratt indicated that her depression was a "single episode," which interpreted by the ALJ seemed to be more consistent with the heading that Plaintiff was temporarily disabled for less than 12 months and not for the 4 years, as written in by Dr. Pratt. *Id.* Additionally, Dr. Pratt supplied no objective medical evidence to support this conclusion. I note that "[f]orm reports in which a physician's obligation

5

is only to check a box or fill in a blank are weak evidence at best." *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir.1993); *Plummer v. Apfel,* 186 F.3d 422, 429 (3d Cir. 1999) (ALJ can provide more or less weight to the diagnosis depending upon supporting explanations). Finally, this was the first time that Plaintiff sought treatment and, hence, the first time Dr. Pratt had examined Plaintiff. Thus, I find that the ALJ did not err in rejecting the conclusion of Dr. Pratt.

Next, Plaintiff complains that the ALJ erred in substituting his own opinion when he stated that he did not find the GAF[1] scores of 45 and 50 (R. 152, 162) to be an accurate reflection of claimant's ability to function. (Docket No. 8, p. 9)(R. 17). I disagree. To begin with, GAF scores are not endorsed by the Social Security Administration because the scores do not have a direct correlation to the disability requirements and standards of the Act. *See,* 65 Fed. Reg. 50746, at 50764-65 (2000). Moreover, GAF scores are arrived at by the clinician based on his or her assessment of a patient's self reporting. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000). The ALJ rejected GAF scores because the reports that contained the GAF scores indicated that Plaintiff did not have a history of any drug or alcohol abuse. (R. 17). Yet, as the ALJ pointed out, other records indicated that she did have a history of drug and alcohol abuse, calling into question Plaintiff's credibility. *Id.* Regardless of my

---

[1] GAF is an acronym which refers to an individual's score on the Global Assessment of Functioning Scale. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000). The scale is used to report the "clinician's judgment of the individual's overall level of functioning" in light of his psychological, social, and occupational limitations. Id. The GAF ratings range from 1 to 100.

6

opinions, credibility issues are for the ALJ to make. Thus, I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975). After a thorough review of the record, and based on the above, I find that the ALJ's decision was supported by substantial evidence. (R. at 173, 175). Since the GAF scores are based on a clinician's judgment of a patient's self reports, I find the ALJ did not err in rejecting the GAF scores.

### C. **Whether the ALJ failed to properly consider Plaintiff's allegations pursuant to SSR 96-7p.**

Plaintiff's second main argument is that the ALJ failed to properly consider Plaintiff's allegations pursuant to SSR 96-7p. (Docket No. 8, p. 11). The purpose of Social Security Ruling ("SSR") 96-7p "is to clarify when the evaluation of symptoms, including pain, under 20 CFR 404.1529 and 416.929 requires a finding about the credibility of an individual's statements about pain or other symptom(s) and its functional effects; to explain the factors to be considered in assessing the credibility of the individual's statements about symptoms; and to state the importance of explaining the reasons for the finding about the credibility of the individual's statements in the disability determination or decision." SSR 96-7p (Purpose statement). Plaintiff specifically objects that the ALJ did not summarize Plaintiff's testimony or note the change in her work history after her son's death in 1999. (Docket No. 8, pp. 11-13). After a review of the record, I find no merit to Plaintiff's argument.

With regard to Plaintiff's testimony, the ALJ summarized it throughout his decision. (R. 13-23). For example, the ALJ stated Plaintiff's education (R. 14), that her past work history included medium to heavy work versus her work history after the alleged onset of her disability (R. 14), her alleged disabilities of depression and cataracts, his reasons for finding that Plaintiff's statements lack credibility (R. 17-18), her daily living activities (R. 19), key portions of her testimony regarding her disabilities (R. 16), her ability to handle stressors (R. 19), and Plaintiff's medical history as it relates to her alleged disabilities and the medications Plaintiff is taking. I do not find the fact that the ALJ did not mention that she was crying during the hearing to be of any merit.

With regard to Plaintiff's work history, the ALJ specifically noted that her past work experience included medium to heavy work, but as of the date of the alleged onset of disability, Plaintiff worked 18-20 hours per week, but not in any substantially gainful way. (R. 14). Consequently, I do not find that the ALJ failed to consider Plaintiff's allegation in compliance with SSR 96-7p.

*******************************

9

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHLEEN FILIPOVITS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No.  05-1568 |
| | ) |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) |
| | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

THEREFORE, this **26th** day of June, 2006, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 9) is Denied and Defendant's Motion for Summary Judgment (Docket No. 10) is Granted.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge